IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MONICA KIMBLER as administratrix of the estate of Christopher Dwayne Osebold, REGINA LYNN BEDINGFIELD, as surviving mother and heir of Christopher Dwayne Osebold, MELVIN LOTHRIDGE, MONROE COUNTY, and JOHN CARY BITTICK, Sheriff of Monroe County, in his Official Capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:12-CV-274 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the Plaintiff's Motion for Default Judgment as to Defendant Melvin Lothridge. (Doc. 19). For the reasons stated below, the Motion is **GRANTED**.

On April 4, 2012, Defendants Monica Kimbler and Regina Bedingfield sued Defendants Melvin Lothridge, Monroe County, and John Cary Bittick in the Superior Court of Monroe County. (Doc. 1-2). The lawsuit arose from the death of Christopher Dwayne Osebold, a passenger in a vehicle that Defendant Lothridge was driving in November 2010. Osebold, Lothridge, and Brandon Johnson, who is not a party to the lawsuit, had allegedly burglarized a convenience store and were fleeing at a high rate of speed from a Monroe County Sheriff's Office deputy. During the chase, the deputy attempted a "PIT" maneuver, colliding with the vehicle Lothridge was driving. The

vehicle, which was apparently owned by Johnson's wife, left the road, struck a culvert, and came to rest upside down. Osebold was killed.

Progressive Mountain Insurance Company ("Progressive") issued the automobile liability insurance policy covering the vehicle Lothridge was driving and in which Osebold was riding when he was killed. After Kimbler and Bedingfield filed their state court lawsuit, Progressive filed a Petition for Declaratory Judgment (Doc. 1) in this Court on July 12, 2012, seeking a declaration regarding the parties' rights and obligations under the insurance policy. Progressive named as defendants the parties to the state court lawsuit. Monroe County and Sheriff Bittick filed Answers on September 12, 2012. (Doc. 15). Bedingfield and Kimbler filed Answers two days later. (Docs. 16, 17). Lothridge, however, did not file an Answer despite being personally served with process on August 22, 2012, while incarcerated at the Georgia Diagnostic and Classification Prison. (Doc. 11). Following his failure to respond, the Clerk of the Court filed an entry of default against Lothridge September 20, 2012. On October 4, 2012, Progressive moved for default judgment against Lothridge. (Doc. 19). Again, Lothridge did not respond. Moreover, he has not made any responsive filings or pleadings since Progressive first filed its petition, and his time to do so has passed.

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). However, default judgment does not follow automatically from an entry of default. The Court also "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually

state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Here, Progressive seeks a declaratory judgment that Lothridge was not a permissive user of the vehicle he was driving at the time of the accident, thereby excluding from coverage the claims against him in the state court lawsuit. Alternatively, Progressive asks the Court to rule that Lothridge's acts were intentional and/or criminal, thereby limiting Progressive's coverage obligation to $25,000.00 pursuant to the Georgia Motor Vehicle Safety Responsibility Act.

In its Petition, Progressive has presented a sufficient basis for this relief. Progressive alleges that Lothridge was driving the vehicle without its owner's permission at the time of the accident, or that by his conduct, he exceeded the scope of the permission originally granted to him. (Doc. 1, ¶¶ 32-33). This, if true, would render Lothridge an uninsured person as defined by Progressive's policy. (Doc. 1-1 at 23). If Lothridge is not an "insured person" as defined by the policy, Progressive would not be required to pay damages for which he is legally responsible, such as those asserted in the state court lawsuit.

Regarding Progressive's alternative request for relief, the insurance company has alleged that Lothridge was intentionally fleeing police at a high rate of speed after burglarizing a convenience store. (Doc. 1, ¶¶ 14-16). According to Progressive, these intentional acts caused Osebold's death. (Doc.1, ¶ 38). Progressive additionally

---

[1] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

alleges that Lothridge's flight violated Georgia law, and that he was subsequently charged with multiple crimes as a result of the accident. (Doc. 1, ¶¶ 44-45). These facts, if true, provide a substantial basis for concluding that Lothridge is not covered by the insurance policy pursuant to exclusions for damages "caused by an intentional act of [the] insured person"[2] or damages "caused by, or reasonably expected to result from, a criminal act or omission of that insured person." (Doc. 1-1 at 24). The application of either exclusion could limit Progressive's liability to $25,000.00 pursuant to the Georgia Motor Vehicle Safety Responsibility Act. Given these facts, Progressive has pleaded allegations that provide a sufficient basis for the relief it seeks against Lothridge. Accordingly, default judgment against Lothridge is **GRANTED**.

Of course, the Court's findings and conclusions in this Order and the resulting default judgment apply only to Lothridge.[3] The other Defendants in this matter are not bound by any admissions arising from Lothridge's default or this judgment, and this Order is entered without prejudice against them.

**SO ORDERED**, this 26th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Presumably, this provision contemplates situations where a driver intentionally uses his vehicle for the purpose of causing damage. Whether the exclusion would apply here is less clear, and had Lothridge defended this action, the breadth of this exclusion would receive closer scrutiny than the Court now gives it. After all, the very act of driving involves any number of "intentional act[s]" that could result in damages for which coverage would or should not be denied.

[3] Progressive concedes this point at footnote 1 in its brief supporting its Motion for Default Judgment. (Doc. 19-1 at 3).